# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### JERRY TIMBERLAKE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 07064-2     Donald H. Allen, Judge**

---

**No. W2009-01700-CCA-R3-PC  - Filed June 8, 2010**

---

The petitioner, Jerry Timberlake, appeals the Henderson County Circuit Court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Because the petitioner has failed to prove his allegations by clear and convincing evidence, we conclude that the State's motion is well-taken.  Accordingly, we affirm the lower court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Hewitt Chatman, Assistant Public Defender, for the appellant, Jerry Timberlake.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In August 2006, the petitioner pled guilty to second degree murder in exchange for a fifteen-year sentence at 100%.  He filed a *pro se* petition for post-conviction relief on August 24, 2007, alleging that he received the ineffective assistance of trial counsel.  In December 2007, the post-conviction court dismissed the petition because the petitioner failed to verify it under oath, as required by the Post-Conviction Procedure Act and Rule 28 of the Rules of the Tennessee Supreme Court.  The petitioner appealed to this court, and we reversed the post-conviction court's summary dismissal of the petition and remanded the case for further proceedings.  See Jerry Timberlake v. State, No. W2008-00037-CCA-R3-PC,

2009 WL 302294, at *1 (Tenn. Crim. App. Feb. 5, 2009).

At the June 23, 2009, evidentiary hearing, the petitioner testified that trial counsel did not respond to his letters or return his phone calls. He said that counsel met with him only one time, which was about three or four days prior to the date of the guilty plea agreement. The petitioner said that counsel conveyed the plea offer to him as fifteen years at 30%, and he agreed to that offer. He said that the copy of the plea agreement counsel presented to him did not have a line drawn through the 30% release eligibility status or have 100% written in above it. He said that counsel told him if he did not accept the plea agreement, he would "be up shit creek without a paddle." He said that Casey Hall and Sheriff Tim Youngson were present when he and counsel discussed the plea agreement. The petitioner said that had trial counsel told him he was facing fifteen years at 100%, he "[m]ore than likely" would have gone to trial or "would have tried to maybe get it lower than that." He said that he felt coerced into signing the plea agreement and that he was not in "a clear mental state" at the time and was "very, very confused." The petitioner said that he was initially sent to a special needs facility where he was diagnosed with schizophrenia and prescribed Risperdal and Elavil.

On cross-examination, the petitioner acknowledged that he told the trial judge at the plea hearing that he understood he had to serve 100% of his fifteen-year sentence. He said that the medications he was taking at the time of the plea hearing were the same ones he was currently taking and that the medications did not impair his ability to testify. The petitioner acknowledged that he told the trial judge he was satisfied with counsel's representation.

Casey Hall, a co-defendant, testified that he was present during trial counsel's meeting with the petitioner on the day he pled guilty. He said counsel initially explained the plea agreement as fifteen years at 30% but then left and went into the courtroom. When counsel returned, she "said something about the family won't accept it. It was 15 at 100 percent."

At the conclusion of the hearing, the post-conviction court took the matter under advisement and subsequently entered an order denying the petition on July 22, 2009.

A post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Id. at 458.

To establish a claim of ineffective assistance of counsel, the petitioner must meet both prongs of a two-prong test, showing both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

When analyzing a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242. Similarly, our Tennessee Supreme Court in Mackey required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. Pettus, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

The petitioner argues that his guilty plea was involuntary because trial counsel "led him to believe that he was signing a plea agreement of 15 years at 30 percent." The transcript of the guilty plea hearing reflects that the petitioner was clearly informed of the sentence he was accepting and that he understood it was to be served at 100%. The petitioner also acknowledged to the trial court during the plea hearing that he was not being forced or threatened to plead guilty and that he was satisfied with trial counsel's representation.

In denying the petition, the post-conviction court concluded:

The Court does not find petitioner's testimony at the post-conviction hearing credible when he testified that he was told he only had to serve 30% of his 15 year[] sentence. It is clearly evident upon reading the transcript of the guilty plea proceeding that the [petitioner] understood that he had to serve the full (100%) 15 year[] sentence. The Court does not accept or believe [the petitioner's] testimony that he was "coerced" into pleading guilty, or that he was "confused" at the time of his guilty plea. The evidence in this hearing indicates the petitioner's willingness to enter a guilty plea, rather than facing a trial on a First Degree Murder charge.

The record supports the post-conviction court's conclusion that the petitioner's guilty plea was knowingly, intelligently, and voluntarily entered and that he failed to prove that trial counsel was ineffective.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

-4-